**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:13-cr-00007-RCJ-WGC-1 |
| ) | |
| vs. ) | |
| ) | |
| DESMOND QUINNTRAIL HAYES, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

A grand jury indicted Defendant Desmond Hayes of two counts each of interference with commerce by armed robbery under the Hobbs Act, 18 U.S.C. § 1951, use of a firearm during and in relation to a crime of violence under § 924(c)(1)(A) (based on the Hobbs Act armed robberies), and possession of a firearm by a convicted felon under §§ 922(g)(1) and 924(a)(2). (*See* Superseding Indictment, ECF No. 12). Defendant pled guilty to the two counts of Hobbs Act armed robbery and one count of use of a firearm during and in relation to a crime of violence via plea agreement, and on September 22, 2014, the Court adjudged him guilty of those counts, sentencing him to consecutive 60-, 60-, and 120-month terms of imprisonment, respectively. (*See* J. 1–2, ECF No. 59). Plaintiff did not appeal. Plaintiff has now asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f), (f)(3). Defendant filed the motion on June 17, 2016, which is within one

year of June 26, 2015, the date on which the Supreme Court announced the rule of *Johnson v. United States*, 135 S. Ct. 2551 (2015) upon which Defendant relies.  The Supreme Court has made *Johnson* retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  The Court finds that although the motion is statutorily timely, it is without merit, even assuming the ability to bring it had not been waived.

The motion fails because collateral attacks, specifically those under § 2255, were waived via the plea agreement, except those based on ineffective assistance of counsel. (*See* Plea Agreement 11:7–10, ECF No. 45).  Even if not waived, the claim would be without merit. Defendant argues the Hobbs Act armed robbery that formed the basis for the firearm offense was not a "crime of violence" under 18 U.S.C. § 924(c)(3) because the residual clause defining "crime of violence" is similar to the residual clause of § 924(e)(2), which the Supreme Court has struck down as unconstitutionally vague. *See Johnson*, 135 S. Ct. 2551, 2563 (2015).  The definition of "crime of violence" applied to Defendant reads as follows, with the allegedly unconstitutionally vague residual clause emphasized:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 924(c)(3)(A)–(B) (emphasis added).  The definition of "violent felony" at issue in *Johnson* reads as follows, with the unconstitutionally vague residual clause emphasized:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

*Id.* § 924(e)(2)(B)(i)–(ii) (emphasis added).  The language of the two clauses is not identical, but even assuming for the sake of argument that the difference in language is not enough to rescue § 924(c)(3)(B) from constitutional infirmity, *Johnson* is no aid to Defendant, because the physical-force clause of § 924(c)(3)(A) applies to Hobbs Act robbery, at least under the residual clause. *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (citing 18 U.S.C. §1951(b)(1)) ("[Hobbs Act r]obbery indisputably qualifies as a crime of violence.").  The Court of Appeals has reaffirmed the conclusion in an unpublished opinion since *Johnson* issued. *See United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. May 23, 2016) (citing *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990)) (holding that Hobbs Act robbery qualifies as a crime of violence under the physical force clause).  The Courts of Appeals to address the issue in published opinions since *Johnson* issued are in accord that Hobbs Act robbery is a categorical crime of violence under the physical force clause. *See United States v. Hill*, 832 F.3d 135, 140–44 (2nd Cir. 2016); *In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016).  The Court finds no basis to believe the Court of Appeals would rule to the contrary in a published opinion.

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 61, 62) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge